# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ANNETTE M. KENNER,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not
reserved to the Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 16-01589
DAR

## MEMORANDUM OPINION

Plaintiff, Annette M. Kenner, pursuant to Section 405(g) of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.,* seeks judicial review of a final decision of the Defendant denying her application for disability insurance benefits.

This action was assigned to the undersigned United States Magistrate Judge for all purposes. *See* 06/16/2017 Referral. Now pending for determination are Plaintiff's Amended Motion for Judgment of Reversal ("Plaintiff's Amended Motion") (ECF No. 29) and Defendant's Motion for Judgment of Affirmance (ECF No. 16).[2] Upon consideration of the motions, the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill, who currently serves as the Deputy Commissioner for Operations performing the duties and functions not reserved to the Commissioner of Social Security for the Social Security Administration, is substituted for the former Acting Commissioner, Carolyn W. Colvin.

[2] Plaintiff filed her complaint (ECF No. 1), and a motion for judgment of reversal (ECF No. 14), without the benefit of counsel. After Defendant filed her Motion for Judgment of Affirmance, and Opposition to Plaintiff's Motion for Judgment of Reversal (ECF No. 17), counsel entered an appearance on behalf of Plaintiff (ECF No. 20). The parties then consented to proceed before the undersigned for "all proceedings in this case including trial, the entry of judgment, and all post-trial proceedings." Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF No. 23). Thereafter, Plaintiff, by her counsel, filed the pending Amended Motion for Judgment of Reversal.

memoranda in support thereof and in opposition thereto (ECF Nos. 30, 33, 34, 35), the administrative record ("AR") (ECF No. 7), and the entire record herein, Plaintiff's amended motion will be granted, and Defendant's motion will be denied.

## I. Background

### A. *Procedural History*

On February 11, 2013, Plaintiff filed the application for benefits which is the subject of the HOD at issue in this action. AR at 22.[3] In that application, Plaintiff claimed "hypothyroidism, headaches, [hypertension], GI problems, and a visual impairment" with an alleged onset date of January 1, 2008. *Id.* at 82–91. The Social Security Administration ("SSA") denied Plaintiff's application initially and upon reconsideration. *Id.* at 95, 113. Thereafter, Plaintiff requested a hearing, *see* AR at 118, and appeared before an Administrative Law Judge ("ALJ") on January 30, 2015. *Id.* at 37. On March 26, 2015, the ALJ issued her determination, finding that Plaintiff was not disabled. *Id.* at 22–31. On May 4, 2016, the Appeals Counsel denied Plaintiff's request for review of the ALJ's decision. *Id.* at 1, 18.

Plaintiff then commenced the instant action.

### B. *Summary of the ALJ's Ruling*

The ALJ ultimately concluded that Plaintiff (referred to by the ALJ as "the claimant") was "not under a disability within the meaning of the Social Security Act from January 1, 2008, through the date last insured." AR at 23. The ALJ made the following eleven findings:

> 1. The claimant last met the insured status requirements of the Social Security Act through December 31, 2010.

---

[3] The Hearing Officer, for the reasons set forth in her Determination, denied Plaintiff's request, through her representative, to reopen her prior applications. *See id.*

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2008 through her date last insured of December 31, 2010.

3. Through the date last insured, the claimant had the following severe impairments: hypothyroidism with euthyroid Graves orbitopathy and headaches.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant has the residual functional capacity to perform medium work, as defined in 20 CFR 404.1567(c) except: the claimant needed to avoid exposure to excessive noise (level four or above, as defined by the Dictionary of Occupational Titles); and the claimant was limited to occupations requiring no more than occasional near and peripheral visual acuity.

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was born on March 23, 1956 and was 54 years old, which is defined as an individual closely approaching advanced age, on the date last insured.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2008, the alleged onset date, through December 31, 2010, the date last insured.

*Id.* at 24-31.

## II. The Parties' Contentions

Plaintiff moves for reversal of the Commissioner's final decision and an award of disability benefits, including past-due benefits, commencing from the date of her application, on the grounds that the decision is not supported by substantial evidence. Plaintiff's Amended Motion at 22–24. Plaintiff moves, in the alternative, for a remand for a rehearing. *Id.* at 24. More specifically, Plaintiff claims that the disability determination is not supported by substantial evidence, as (1) the ALJ failed properly to evaluate the opinions of Plaintiff's three treating physicians in accordance with the treating physician rule, 20 C.F.R. § 404.1527, and to address medical opinions in the record that contradicted her disability determination, *id.* at 14–18; (2) the ALJ erroneously discredited Plaintiff's hearing testimony, *see id.* at 18–20, and (3) the ALJ made a residual function capacity ("RFC") determination which is refuted by the evidence, *see id.* at 20–22.

Defendant, in support of the her own motion and in opposition to Plaintiff's amended motion, submits that substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Act. *See generally* Defendant's Opposition to Plaintiff's Amended Motion for Judgment Reversal and Reply in Further Support of Defendant's Motion for Judgment of Affirmance ("Defendant's Opposition") (ECF No. 33). More specifically, Defendant submits that (1) the ALJ's decision to assign little weight to the opinions of two of Plaintiff's treating physicians was "entirely reasonable and proper[,]" *see id.* at 3–9; (2) the ALJ's finding that Plaintiff's subjective complaints "warranted only partial weight" was supported by substantial evidence, *see id.* at 9–12, and (3) substantial evidence supports the ALJ's RFC determination, *see*

Kenner v. Berryhill

*id.* at 12–16. Finally, Defendant submits that neither reversal for payment of benefits nor remand for a rehearing is warranted. *Id.* at 16–18.

Plaintiff, in her reply, broadly re-asserts the contentions she advanced in support of her motion. Plaintiff's Reply in Support of Motion for Judgment of Reversal ("Plaintiff's Reply") (ECF No. 35). Additionally, Plaintiff submits that Defendant concedes reversible error by failing to address Plaintiff's arguments that (1) the ALJ erred by her failure to address probative medical evidence contradicting her disability determination, *id.* at 2–3, and (2) the ALJ erred by her failure to weigh the 20 C.F.R. § 404.1527(c) factors that an ALJ must consider when a treating physician's opinion is not accorded controlling weight, *id.* at 3–4.[4] Finally, Plaintiff submits that Defendant failed to address the authorities applicable to a district court's authority, in the context of review of an ALJ's determination that a plaintiff is not disabled, to reverse the ALJ's determination and order immediate payment of benefits. *Id.* at 13–18.

## III. The Statutory Framework

The Social Security Act established a framework to provide "disability insurance benefits" to eligible individuals and "to provide supplemental security income to individuals who have attained age 65 or are blind or disabled." 42 U.S.C. §§ 423, 1381, 1381a. The statute defines disability for non-blind individuals as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" § 423(d)(1)(A); 20 C.F.R. § 416.905. A disabled individual is eligible for

---

[4] Plaintiff again observes that the ALJ did not address the opinions of one of the three treating physicians at all. *Id.* at 6–7. Plaintiff characterizes Defendant's arguments that the ALJ did not contravene the treating physician rule as "impermissible *post hoc* rationalizations." *Id.* at 5–6.

supplemental security income if he or she meets additional statutory requirements concerning "income" and "resources." 42 U.S.C. § 1382(a). The Social Security Administration has promulgated regulations, pursuant to the statue, outlining a five-step process for the evaluation of claims of disability of adults. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the agency evaluates whether the claimant is "doing substantial gainful activity"; if so, the agency concludes that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), (b); 416.920(a)(4)(I), (b). If not, the agency determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ." §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The impairment or combination of impairments is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." §§ 404.1520(c); 416.920(c). If deemed severe, the agency then determines whether the impairment "meets or equals one of [the] listings[;]" if so, and it meets the duration requirement, the agency concludes that the claimant is disabled. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d). The "listing[]" refers to a "listing of impairments" which "describes for each of the major body systems impairments that [the agency] consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." § 404.1525(a).

Next, the agency assesses the claimant's "residual functional capacity and . . . past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f). Residual functional capacity is "the most [an individual] can still do despite" "physical and mental limitations[,]" from all medically determinable impairments, "that affect what [he or she] can do in a work setting." § 404.1545. If the claimant has the residual functional capacity to perform his or her "past relevant work," the claimant is deemed not disabled. § 404.1560(b)(3). Otherwise, the agency assesses

the claimant's "residual functional capacity and . . . age, education, and work experience to see if [he or she] can make an adjustment to other work." §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g). If the claimant can adjust to other work that "exist[s] in significant numbers in the national economy[,]" the agency determines that the individual is not disabled. § 404.1560(c). However, if the claimant cannot make such an adjustment, the agency finds that the individual is disabled. §§ 404.1520(g)(1), 416.920(g)(1).

## IV. Applicable Standards[5]

### A. *The substantial evidence standard*

A plaintiff may seek judicial review in this Court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The decision made by the Commissioner will not be disturbed "if it is based on substantial evidence in the record and correctly applied the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted). In other words, a "district court's review of the [SSA's] findings of fact is limited to whether those findings are supported by substantial evidence." *Cooper v. Berryhill*, Civil Action No. 16-01671, 2017 WL 4326388, at *3 (D.D.C. Sept. 28, 2017) (citation omitted). This Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (citations and internal quotation marks omitted). A finding of substantial evidence requires "more than a scintilla, but

---

[5] This court confines this statement of the applicable standards to those which form the basis of this court's ruling. Thus, statements of the standards applicable to the review of issues which this court has no occasion to address herein are intentionally omitted.

can be satisfied by something less than a preponderance of evidence." *Id.* (citation omitted) (internal quotation marks omitted).

This Circuit has held that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'" *Cooper*, 2017 WL 4326388, at *3 (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)). Thus, a reviewing court "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight [she] had given to obviously probative exhibits," but should not "review the case '*de novo*' or reweigh the evidence[.]" *Id.* (citations omitted). The plaintiff bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Id.* (citation omitted).

### B. *The treating physician rule*

The "treating physician rule," as articulated by this Circuit, provides that where "a claimant's treating physicians have a great familiarity with [her] condition, their reports must be accorded substantial weight." *Holland v. Berryhill*, 273 F. Supp. 3d 55, 63 (D.D.C. 2017) (citing *Butler*, 353 F.3d at 1003) (internal quotation marks omitted). Thus, a treating physician's opinion is "binding on the fact-finder unless contradicted by substantial evidence." *Contreras v. Commissioner of Social Security*, 239 F. Supp. 3d 203, 212 (D.D.C. 2017) (citing *Butler*, 353 F.3d at 1003); *Settles v. Colvin*, 121 F. Supp. 3d 163, 169 (D.D.C. 2015); *Espinosa v. Colvin*, 953 F. Supp. 2d 25, 32 (D.D.C. 2013); *see also* 20 C.F.R. § 404.1527 (c)(2) (providing that when "a treating [physician]'s medical opinion . . . is well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [plaintiff's] case record, [SSA] will give it controlling weight").

"If an ALJ rejects a treating physician's opinion, the ALJ bears the burden of explaining why he has rejected the treating physician's opinion and how the doctor's assessment is contradicted by substantial evidence." *Jacob v. Berryhill*, Civil Action No. 15-01600, 2017 WL 1194165, at *6 (Mar. 30, 2017). Generally, an ALJ does so by consideration of (1) "[l]ength of the treating relationship and frequency of examination[]"; (2) [n]ature and extent of the treating relationship[]"; (3) "[s]upportability[]"; (4) "[c]onsistency[]"; (5) "[s]pecialization[,]" and (6) "[o]ther factors . . . which tend to support or contradict the medical opinion." *See* 20 C.F.R. § 404.1527(c)(2).

Further, with respect to an ALJ's reasoning "the Court may only consider the grounds proffered by the agency in its decision for *post hoc* rationalizations do not suffice." *Settles*, 121 F. Supp. 3d at 169–70 (citation omitted).

### C. *Arguments conceded*

This court recently held that "[i]t is well understood in this Circuit that when [a party] files an opposition to a dispositive motion and addresses only certain arguments raised by [the opposing party], a court may treat those arguments [which were not address] as conceded." *Monroe–Evans v. Berryhill*, Civil Action No. 16-01081, 2017 WL 4075158, at *4 (D.D.C. Sept. 13, 2017) (quoting *Davis v. Transportation Security Administration*, 264 F. Supp. 3d 6, 10, (D.D.C. 2017)) (further citations omitted); *see Cooper*, 2017 WL 4326388, *4 (finding that Defendant conceded Plaintiff's arguments by failing to respond to them).

Kenner v. Berryhill

### D. *Award of benefits*

With respect to a court's discretion to reverse the Commissioner's decision and order an immediate award of benefits, this court has determined that such action is appropriate "where the evidence on the record as a whole is clearly indicative of disability and additional hearings would serve no purpose other than to delay the inevitable receipt of benefits[.]" *Ademakinwa v. Astrue,* 696 F. Supp. 2d 107, 111 (D.D.C. 2010) (citation omitted); *see Brown v. Colvin*, 219 F. Supp. 3d 121, 126 (D.D.C. 2016) (the court has discretion to remand for the purpose of an award of benefits). Thus, reversal with an award of benefits instead of an entry of judgment with remand, would be a proper remedy to prevent undue delay in the receipt of benefits when the Commissioner has conceded certain arguments presented by a plaintiff.

## V. Discussion

### A. *The ALJ violated the treating physician rule*

Upon consideration of the ALJ's findings in the context of a review of the administrative record, this court finds that the ALJ entirely failed to apply—or indeed, even to acknowledge—the treating physician rule. Plaintiff, during the administrative hearing, offered the opinions of three treating physicians: Dr. Craig Geist, an ophthalmologist; a Dr. Miller, an ophthalmologist, and Dr. Jason Wexler, an endocrinologist. AR at 318–21, 359–66, 378–81, 437–38, 617–18, 620–27, 634–45, 657–71, 701–12. The ALJ, in her findings, made no reference at all to the opinions of Dr. Geist, whose treatment records and reports are a part of the administrative record. AR at 378–81, 620–27, 634–45, 649–55, 657–71.[6]

---

[6] *See supra* n.4.

The ALJ decided to "afford little weight" to the opinions of Dr. Miller and Wexler. Dr. Miller's report is part of the administrative record. AR at 437–38. In his report, Dr. Miller's course of evaluation and treatment of the Plaintiff is plainly detailed. *See, e.g.*, *id.* at 438 ("[patient with] worsening double vision with severe headaches [and] blurry vision resulting in difficulty to [sic] complete daily work"). These details notwithstanding, the ALJ's determination with respect to the weight she accorded to Dr. Miller's opinions is confined to a single sentence:

> It is unclear who Dr. Miller is and his opinions are vague.

AR at 30.

While the determination of the weight to be accorded to a treating physician is well within the province of an ALJ, the treating physician rule, as interpreted by the judges of this District, requires that an ALJ give controlling weight to the opinions of a treating physician, and if not, explain why those opinions were rejected by undertaking an analysis of the six factors enumerated in 20 C.F.R. § 404.1527(c)(2). *See, e.g.*, *White v. Berryhill*, Civil Action No. 15-01256, 2017 WL 2729068, *5 (June 23, 2017) (requiring that an ALJ, pursuant § 404.15207(c), "thoroughly explain" and support with "substantial evidence" any decision not to give controlling weight to a treating physician"). The ALJ plainly has failed to do so.

While the ALJ's consideration of the opinions of Dr. Wexler is, by comparison, less scant, it is, for the same reasons, equally deficient:

> Dr. Wexler is not an eye doctor and does not treat the claimant's headaches. *Some* of his opinions are vague and *possibly* related to the claimant's past work. His opinions from 2010 are not *strongly supported* by the claimant's subsequent gap in treatment, failure to follow up with her eye surgeon, and failure to follow up for her headaches at the time, instead receiving treatment for unrelated complaints.

*Id*. at 30 (emphasis supplied).

11

By way of identification of the most obvious deficiencies in the ALJ's determination with respect to the opinion of Dr. Wexler, the ALJ does not indicate (1) which of the opinions are dismissed as "vague"; (2) the basis of her apparent speculation that any one of Dr. Wexler's opinion is not relevant, and (3) the introduction of a "strongly supported" standard to the determination. The ALJ's determination is bereft of any consideration, in the manner prescribed by the applicable authorities, of 20 C.F.R. § 404.1527. *See*, *e.g.*, *Ward v. Berryhill*, 246 F. Supp. 3d 202, 208 (D.D.C. 2017) (The opinions of treating physicians are "binding on the fact-finder unless contradicted by substantial evidence.") (citations omitted); *see also Jones v. Astrue*, 647 F.3d 350, 356 ("The treating physician rule requires an explanation by the SSA, not the court."); *Jackson v. Colvin*, Civil Action No. 16-00010, 2017 WL 1534327, at *7 (D.D.C. Apr. 27, 2017) (remanding to the SSA so that the ALJ may properly apply the treating physician rule).

### B. *The Defendant has conceded Plaintiff's arguments*

Upon consideration of the written submissions of the parties in the context of the entire record herein, this court has no alternative other than to find that Defendant has conceded Plaintiff's arguments by to her failure to respond to them. This court finds that Defendant failed to respond to two of the arguments addressed in detail by Plaintiff. First, in response to Plaintiff's assertion that the Commissioner "failed to properly evaluate opinion evidence" that was contradictory to her determination, *see* Plaintiff's Amended Motion at 14–17, Defendant, in opposition to Plaintiff's amended motion and in support of the Commissioner's own motion, simply re-stated the ALJ's position citing her conclusions as "entirely reasonable and proper." Defendant's Opposition at 5. When addressing the omission of Dr. Geist's opinion in the ALJ's

determination, Defendant argues that a citation to an MRI is sufficient. *See* Defendant's Opposition at 5.

Second, in response to Plaintiff's assertion that the Commissioner did not "consider six factors" pursuant 20 C.F.R. § 404.1527, Defendant, in opposition, offered the argument that "cases within this circuit have upheld the ALJ's decision to assign little weight to medical opinion evidence when the opinion is not well supported or consistent with the evidence." *See* Defendant's Opposition at 8.

This court cannot countenance such a patent failure by Defendant to address the Plaintiff's arguments, or otherwise to demonstrate that the ALJ's decision was supported by substantial evidence and was rendered in accordance with the applicable law. This failure is rendered all the more egregious by Defendant's failure to reply to Plaintiff's observation that Defendant seemingly conceded Plaintiff's arguments. *See* Plaintiff's Reply at 2. By virtue of these deficiencies, the court finds that Defendant has conceded these arguments.

### C. *Plaintiff is entitled to an award of benefits*

The undersigned finds that an immediate award of benefits is warranted: The ALJ improperly applied the treating physician rule, and Defendant has conceded that the ALJ's determination fails to address medical opinion evidence from Plaintiff's treating physicians that is contradictory and is void of a discussion of the applicable authorities pursuant 20 C.F.R. § 404.1527, demonstrating that additional proceedings would simply delay the "inevitable receipt of benefits." *See Ademakinwa*, 696 F. Supp. 2d at 112 (citation omitted); *see also Faison v. Colvin*, 187 F. Supp. 3d 190, 194–95 (D.D.C. 2016) (finding remand for an award of benefits appropriate where ALJ's decision was not supported by substantial evidence and "additional hearings would

serve no purpose other than to delay the inevitable receipt of benefits"); *Rossello,* 529 F.3d at 1185 (reversal of the Commissioner's decision indicated where the decision "does not pass muster.").

## VI. Conclusion

On the basis of the full extent of the foregoing findings, Plaintiff's Amended Motion for Judgment of Reversal (ECF No. 29) will be granted, Defendant's Motion for Judgment Affirmance (ECF No. 16) will be denied, and this matter will be remanded to the Social Security Administration for the immediate award of benefits. An order providing for such relief is contemporaneously filed herewith.

DEBORAH A. ROBINSON
United States Magistrate Judge

July 31, 2018